IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANIE L. WOODLAND, | ) | CASE NO. 1:09 CV 2264 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule.  The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Janie Woodland's application for Disability Insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§416(i), 423 and 1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

I.  **INTRODUCTION and PROCEDURAL HISTORY**

On July 20, 2006, Plaintiff filed an application for Disability Insurance benefits and Supplemental Security Income, alleging a disability onset date of January 19, 2006 due to chronic headaches and late effects status-post cardiovascular accident (Tr. 13, 27).  Born on January 10, 1959, Plaintiff was 48 years old at the time of the ALJ's determination and a "younger individual" for purposes of the Social Security regulations (Tr. 22, 125).  *See* 20 C.F.R.

1

§§404.1563. Plaintiff completed high school (Tr. 22). She has past relevant work as a home visitor and stocker (Tr. 152). Plaintiff last worked in October 2002 (Tr. 29).

Plaintiff's applications for benefits were denied initially and upon reconsideration (Tr. 10). Plaintiff requested a hearing and, on October 28, 2008, appeared and testified before Administrative Law Judge William T. Vest, Jr. ("ALJ") (Tr. 15). The ALJ issued a written decision on December 1, 2008 in which he found at Step Five of the five-step sequential evaluation[1] that Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work existing in significant numbers in the national economy and, therefore, was not disabled (Tr. 15-23).

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – he is not disabled.

(2) If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

(3) If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

(5) Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The ALJ then concluded based on the vocational expert's testimony that a significant number of jobs, including the jobs of rental clerk, addressing clerk, and garment maker, accommodated Plaintiff's RFC (Tr. 22, 39-40). Plaintiff requested review from the Appeals Council, but it denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner (Tr. 1). On appeal, Plaintiff claims that the ALJ's decision is not supported by substantial evidence.

## II. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance benefits and Supplemental Security Income only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505; 416.905.

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 Fed. Appx. 361, 362 (6th Cir. June 15, 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a

reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Secretary of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## IV.  <u>ANALYSIS</u>

**Whether the ALJ Erred in his Assessment of Plaintiff's Allegations of Pain**

Plaintiff raises a single issue on appeal: that the ALJ erred in evaluating her allegations of disabling pain. Specifically, Plaintiff argues that the ALJ erred by failing to fully address and discuss each of the factors summarized in *Duncan v. Secretary of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986) and *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1986), and that the ALJ erred by not giving controlling weight to her treating physician's opinion, which Plaintiff claims corroborates her allegations of disabling symptoms.

The Court recognizes that pain alone may be sufficient to support a claim of disability. *See Grecol v. Halter,* 46 Fed. Appx. 773, No. 01-3407 (6th Cir. Aug 29, 2002) (unpublished); *King v. Heckler,* 742 F.2d 968, 974 (6th Cir 1984). However, a claimant's subjective assertions

of pain, standing alone, will not suffice. In most disability benefits cases, for the ALJ to find disabling pain, there must be: (1) objective evidence of an underlying medical condition; and (2) either, (a) objective medical evidence *confirming* the severity of the alleged pain arising from that medical condition, or (b) the objectively determined medical condition must be of a severity which can *reasonably be expected* to give rise to the alleged pain. See Buxton v. Halter 246 F.3d 762, 773 (6th Cir. 2001); Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 852-53 (6th Cir. 1986).

The *Duncan* test, however, is not the end of the analysis. The Commissioner must consider other factors that may or may not corroborate Plaintiff's allegations of pain. *See* Walters v. Comm'r of Soc. Sec., 127 F. 3d 525,531 (6th Cir. 1997); Felisky v. Bowen, 35 F.3d at 1039; 20 C.F.R. §§ 416.929(c)(2) and 404.1529(c)(2). The other factors may include: statements from the claimant and the claimant's treating and examining physicians; diagnosis; efforts to work; the claimant's daily activities; the location, duration, frequency and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medication taken to alleviate symptoms; treatment, other than medication, the claimant receives to relieve pain; measures used by the claimant to relieve symptoms; and any other factors concerning functional limitations due to symptoms. *See* Felisky, 35 F.3d at 1039-40; 20 C.F.R. §§ 416.929(a), (c)(3) and 404.1529(a), (c)(3).

In this case, the ALJ completed a thorough credibility assessment that applied the appropriate *Duncan* and *Felisky* framework. Both parties agree that the claimant's headaches and late effects status-post a cardiovascular accident serve as underlying medical conditions that fulfill the first part of the *Duncan* test (Tr. 13). However, the parties disagree about Plaintiff's

5

ability to satisfy the second part of the *Duncan* test. Plaintiff argues that she satisfies both parts of the second prong of the *Duncan* test - i.e., (a) that there is objective medical evidence *confirming* the severity of the alleged pain arising from her medical condition, and (b) that her objectively determined medical condition is of a severity that can *reasonably be expected* to give rise to the alleged pain. Defendant argues that Plaintiff lacks substantial evidence to support either option of the second half of the *Duncan* test; therefore, discounting the credibility of her subjective complaints.

### *Duncan* Prong 2(a): Objective Medical Evidence Confirming Severity of Pain

The Court finds that substantial evidence supports the ALJ's decision that Plaintiff lacked objective medical evidence to confirm the severity of her alleged pain. Plaintiff alleges that objective medical evidence supports her 2002 stroke, which resulted in her equilibrium disturbances, headaches and weakness. (Pl. Br. 8). Plaintiff asserts that her 2008 MRI provided objective medical evidence that she suffered from remote infarctions and an occluded left vertebral artery. (Pl. Br. 8). However, substantial evidence in the record supports the ALJ's conclusion that Plaintiff has not provided medical evidence to confirm the severity of her pain. The ALJ found that objective medical evidence showed no drastic change in Plaintiff's neurological condition that would link her alleged symptomology to her stroke; Plaintiff's 2008 MRI revealed "no new infarct and no new changes as compared to the 2003 MRI" (Tr. 21). The ALJ stated that neurologically the claimant "showed no compelling findings" and exhibited no nystagmus, no drift and her power testing was normal (Tr. 17). Further, the ALJ noted that in 2005, a specialist's attributed Plaintiff's symptomology to labyrinths syndrome and not her stroke (Tr. 17). The ALJ's decision did not exclusively recognize evidence that was most

favorable to his determination, but he provided a wide spectrum of evidence both detrimental, and beneficial to his ruling. As a whole, there was minimal objective medical evidence in the record to confirm the severity of Plaintiff's alleged pain.

**_Duncan_ Prong 2(b): Underlying Condition Could Reasonably Give Rise to Alleged Pain**

Plaintiff argues that the ALJ's decision regarding her credibility did not reflect the detailed analysis required by _Felisky_. (Pl. Br. 8). As noted above, in evaluating a claimant's allegations of disabling symptoms, an ALJ must consider various factors that may or may not corroborate the claimant's assertions. However, the Sixth Circuit has held that "[w]hile this court applied each of these factors in _Felisky_, we did not mandate that the ALJ undergo such an extensive analysis in every decision...where the medical record does not contain objective medical evidence to support pain allegations, such allegations may not be dismissed without a review of non-medical factors." _Bowman v. Chater_, 132 F.3d 32 (Table), 1997 WL 764419, at *4 (6th Cir. 1997). The Court finds that the ALJ's analysis of the _Felisky_ factors was sufficiently thorough and that his credibility determination is supported by substantial evidence.

First, the ALJ cited Plaintiff's August 2006 Function Report as evidence that Plaintiff could still perform her regular daily activities "includ[ing]: cooking, cleaning, doing laundry and paying her bills" (Tr. 20, 32, 160-7). The Function Report also documented that Plaintiff "drives her son to school and is independent regarding personal care" (Tr. 20, 32, 161). Plaintiff also admits that she enjoys socially interacting with neighbors either on the porch or via the phone (Tr. 20, 32-33, 164).

Next, the ALJ evaluated Plaintiff's inconsistent testimony regarding the intensity, frequency and persistence of her symptoms (Tr. 17). The ALJ noted that there were several time

7

periods in Plaintiff's treatment history that lack any mention of the alleged pain (Tr. 18). The ALJ also stated that Plaintiff's condition improved several times throughout the record demonstrating that the intensity and persistence of her pain were not as severe as Plaintiff alleged (Tr. 18, 20). The ALJ stated that Dr. Wiese noted that Plaintiff's complaints of "daily chronic and recurrent headaches" were resolved by Vicodin (Tr. 19). Also, the record reflected that Plaintiff made inconsistent statements at various points regarding the severity of her symptoms. For instance, in her hearing, Plaintiff alleged that she experienced chronic headaches that could be relieved for a "couple of hours" with Hydrocodone (Tr. 35). However, in one of Plaintiff's symptoms reports, she indicated that she took Hydrocodone twice daily and it helped resolve her pain "all day" (Tr. 170). Additionally, the ALJ found that Plaintiff's ability to complete word search puzzles, which could exacerbate her alleged symptomology, indicated that the she was capable of paying adequate attention to detail and experienced minimal problems with double vision, vertigo or headaches (Tr. 20).

     Lastly, the ALJ's decision thoroughly described Plaintiff's conditions, her prescribed medications, and related follow-up visits. The majority of Plaintiff's prescribed medications have effectively relieved her symptomology. On several occasions Plaintiff has documented her medications effectiveness (Tr. 33-35, 170, 320). For example, the ALJ referenced the notable improvement of Plaintiff's high blood pressure after beginning use of Verapamil SR (Tr. 18). As noted above, Plaintiff suffered from headaches which were effectively treated with Vicodin (Tr. 19). After complaints of head tremors in 2008, Plaintiff received an increased dosage of Neurontin and a new prescription for Topomax for her headaches (Tr. 20). The ALJ noted that

on her follow-up visit a month later, the claimant reported improvement of the headaches and the tremor (Tr. 20).

Plaintiff also claims that the ALJ erroneously rejected the opinion of her treating physician, Dr. Wiese. Plaintiff claims that Dr. Wiese's records corroborate her allegations of disabling pain. However, Dr. Wiese did not provide an actual functional capacity opinion, instead he provided his treatment notes, none of which indicated that Plaintiff's symptomology precluded her from working or that her headaches indicated a stroke-related disability. Furthermore, the ALJ provided Dr. Wiese's treatment notes with significant weight and examined them in great detail (Tr. 17-21). In his ruling, the ALJ explicitly stated: "[a]s for the opinion evidence, Dr. Wiese and Dr. Katzan's *objective findings* on examination and progress notes are afforded *significant weight*" (Tr. 21). A review of the ALJ's decision and Dr. Wiese's treatment notes reflects that the ALJ's functional capacity assessment and final determination are not incompatible with Dr. Wiese's treatment notes and that the ALJ complied with the regulations in considering that evidence.

Ultimately, the ALJ's opinion reflects that he considered the factors set forth in 20 C.F.R. §§ 416.929(c)(3) and 404.1527(c)(3)—including Plaintiff's daily activities, statements made by Plaintiff and her treating physicians, and measures Plaintiff has used to relieve her symptoms—and determined that her allegations were not consistent with the objective medical evidence or the record as a whole.  When there are discrepancies between what a claimant has said and what the written record shows, a reviewing court should not substitute its credibility findings for those of the ALJ. *See Wagner v. Apfel*, 238 F.3d 426, 2000 WL 1872049, *4 (6th Cir. Dec. 15, 2000) (Table); *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592

(6th Cir. 1987). The ALJ need not fully credit a subjective complaint where there is no underlying medical basis. *Fraley v. Secretary of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir. 1984). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Bynum v. Apfel*, No. 01-2331, 2001 WL 1906274, at *6 (W.D. Ten.. 2001) (internal citations and quotations omitted). The ALJ's credibility assessment is entitled to deference, and the ALJ's opinion demonstrates that he considered the record as a whole and articulated adequate reasons for finding Plaintiff less than  fully credible. Accordingly, the Court finds that substantial evidence supports the ALJ's credibility assessment.

## V.  DECISION

For the foregoing reasons, the Court finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the Court AFFIRMS the decision of the Commissioner.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: August 6, 2010.